UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. HAWTHORNE, <br>     Plaintiff, <br>   v. <br> SCOTT KERNAN, et al., <br>     Defendants. | Case No. 17-cv-04960-HSG <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING REQUEST FOR APPOINTMENT OF COUNSEL** <br><br> Re: Dkt. No. 2 |

Plaintiff, an inmate at San Quentin ("SQSP"), has filed a *pro se* civil rights action under 42 U.S.C. § 1983 alleging that SQSP prison officials and California Department of Corrections and Rehabilitation ("CDCR") Secretary Scott Kernan have violated his constitutional rights. He is granted leave to proceed *in forma pauperis* by separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Complaint**

The complaint sets forth the following factual allegations and legal claims.

Plaintiff is enrolled in the SQSP Psychiatric Inpatient Program ("PIP"). The PIP has a policy prohibiting inmate-patients from covering their cell windows. Dkt. No. 1 at 13. Plaintiff alleges that this policy violates his civil rights because the policy is "fraudulent and/or colorable;" and because the policy is an "underground regulation" that "exposed Plaintiff to 'prior restraint.'" Dkt. No. 1 at 15, 17.

On August 25, 2016, Plaintiff participated in a Mental Health MEGA Session facilitated by some of the named defendants. Dkt. No. 1-1 at 2. The purpose of the MEGA session was to ensure Plaintiff's compliance with the policy prohibiting window coverings, and to instruct Plaintiff that he should not destroy state property to cover cell windows. Dkt. No. 1-1 at 2. Plaintiff denied destroying state property and reported that he always complied with directives given politely by prison staff. Dkt. No. 1-1 at 2. In this MEGA session, defendant psychologist Bellotti threatened to issue a false rules violation report against Plaintiff, and also threatened to assemble a team of custody officers to carry out a physical cell-extraction that would result in assault and battery being committed against Plaintiff's person. Dkt. No. 1 at 16.

2

On September 8, 2016, at the direction of Plaintiff's treatment team, correctional officials removed Plaintiff's personal effects, publications, and legal materials from his room on the grounds that Plaintiff continued to violate the PIP policy prohibiting window coverings and that Plaintiff had used both his personal property and prison property to cover the windows. Plaintiff was not provided notice prior to the removal of his property. Plaintiff alleges that the removal of his property was in retaliation for his First Amendment activities. He also alleges that the removal of his property constituted both deliberate indifference to his serious medical needs and cruel and unusual punishment because the retaliation caused Plaintiff to experience feelings of physical and psychological inferiority, emotional distress, anxiety, depression, nightmares, agony, paranoia; and because the retaliation deprived him of his First Amendment rights to freedom of speech and expression. Dkt. No. 1 at 16–19 and 26.

Plaintiff did not receive an inventory slip for the confiscated property. Plaintiff alleges that Defendants deliberately failed to inventory his property because they sought to conceal the fact that they destroyed some of Plaintiff's property in retaliation for his First Amendment activities. Plaintiff alleges that the failure to inventory his property constituted censorship; prior restraint of publication; unlawful arrest and/or seizure of his person; false imprisonment and assault; battery; and retaliation in violation of the First Amendment. Dkt. No. 1 at 29-42.

Plaintiff filed a CDCR Form 22 (request for interview) regarding the confiscated property. Plaintiff alleges that the handling and denial of this Form 22 violated his constitutional rights or constituted part of the conspiracy to violate his constitutional rights. Dkt. No. 21–24.

Plaintiff also filed a CDCR Form 602 (grievance) regarding the property confiscation. Plaintiff alleges that the handling and denial of this grievance by SQSP Associate Warden Albritton, SQSP Warden Davis, Appeals Examiner Knight, Chief of Appeals Voong, and John/Jane Doe who acted in the capacity of Voong's person, violated his constitutional rights, or constituted part of the conspiracy to violate his constitutional rights. Dkt. No. 1 at 29–41. Plaintiff also alleges that defendant Correctional Officer Seman falsely claimed to have interviewed Plaintiff in connection with the grievance process. Dkt. No. 1 at 36.

Plaintiff also makes the additional allegations and claims.

3

Plaintiff argues that Defendants have violated his First Amendment rights by restricting his right "to read what he will and when he will," and by restricting his access to video games, which are covered by the First Amendment right to freedom of speech. Dkt. No. 1 at 42–44.

Plaintiff alleges that the medical treatment provided by the prison healthcare staff falls below a reasonable standard of care, and that all defendants are liable for this patient abuse under the rules of conspiracy. Dkt. No. 1 at 46–48.

Plaintiff also alleges that he is being treated differently from other male prisoners who are similarly situated. Dkt. No. 1 at 55.

Finally, Plaintiff alleges that Defendants' actions have violated his rights under the Equal Protection clause and constitute an unlawful search and seizure; that Defendants failed to provide him with legal counsel and that he is entitled to such counsel because of his mental illness; that Defendants failed to advise him of his constitutional rights, including his right to remain silent; and that Defendants subjected him to excessive administration of psychotropic drugs.

**C. Analysis**

The complaint suffers from numerous deficiencies. The Court will therefore dismiss certain claims with prejudice and dismiss the remainder of Plaintiff's complaint with leave to amend.

First, the complaint fails to sufficiently allege § 1983 liability on the part of each individual defendant. Plaintiff has named as defendants CDCR Secretary Kernan and sixty SQSP prison officials. Generally speaking, liability under section 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under Ninth Circuit precedent, a person deprives another of a constitutional right, where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff identifies specific acts taken by a handful of the sixty-one named defendants, but otherwise fails to identify how the remaining defendants each personally participated in the deprivation of his constitutional rights. For example, a general statement that his treatment team authorized the removal of his property is

4

insufficient to state § 1983 liability for each individual member of the treatment team.

Plaintiff argues that all these defendants are liable because they conspired to violate his constitutional rights. The Court presumes that Plaintiff is alleging that Defendants have engaged in a civil conspiracy. Under California law, civil conspiracy requires a plaintiff to plead that "the conspiring parties 'reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement.'" *See Gilbrook v. City of Westminister*, 177 F.3d 839, 856 (1999) (citing *Vieux v. East Bay Reg'l Park Dist.*, 906 F.2d 1330, 1343 (9th Cir. 1990)). Each conspirator "'need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Id.* at 856 (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989)). To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy. *Coverdell v. Dept. of Social and Health Services*, 834 F.2d 758, 769 (9th Cir. 1987). The complaint does not make any such specific allegations. Plaintiff does not allege any "meeting of the minds" between Defendants to harm Plaintiff, let alone allege specific facts that show a conspiracy by these defendants. Such a failure to plead any specific allegations demands that the conspiracy claim be dismissed.

Because the deficiency in stating § 1983 liability on the part of each individual defendant could feasibly be cured through amendment, the Court will allow Plaintiff leave to amend his complaint if Plaintiff can truthfully do so. *See, e.g., McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (leave to amend should be granted unless the pleading could not possibly be cured by allegation of other facts, and should be granted more liberally to *pro se* plaintiffs). To state a cognizable claim against each individual defendant, Plaintiff must identify each defendant's affirmative act, participation in another's affirmative acts, or failure to perform a legally required act that caused the deprivation of his constitutional rights. Or Plaintiff must allege specific facts regarding how each defendant engaged in the civil conspiracy. Plaintiff is cautioned that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to meet Rule 8's pleading requirements]." *Ashcroft v. Iqbal*, 556 U.S. 602, 678 (2009).

5

Second, the complaint fails to allege a First Amendment retaliation claim. Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Plaintiff alleges that Defendants took adverse action against him by seizing his property, failing to inventory his property, and destroying or withholding his property because of his First Amendment activity. However, Plaintiff fails to identify what protected conduct he engaged in that caused the prison officials to take the adverse action. Because this deficiency could feasibly be cured through amendment, the Court will allow Plaintiff leave to amend this claim if Plaintiff can truthfully do so.

Third, the complaint fails to allege an Eighth Amendment claim. Plaintiff alleges that the destruction or withholding of his property constituted both deliberate indifference to his serious medical needs, and constituted cruel and unusual punishment because the destruction of his property caused him to experience feelings of physical and psychological inferiority, emotional distress, anxiety, depression, nightmares, agony, and paranoia.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060. Here, Plaintiff is alleging that Defendants' actions *caused* medical issues (paranoia, depression, anxiety, etc.). Plaintiff does not allege that there was a pre-existing medical need that Defendants failed to treat. Plaintiff's

allegation that defendants' actions caused him medical issues therefore fails to state a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs. This allegation is DISMISSED with prejudice because amendment would be futile. *See James v. Giles*, 221 F.3d 1074, 1077 (2000).

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." *See Wilson v. Seiter*, 501 U.S. 294, 302–03 (1991). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* A heightened pleading standard applies to the subjective prong of Eighth Amendment claims: the plaintiff must make nonconclusory allegations supporting an inference of unlawful intent. *Alfrey v. United States*, 276 F.3d 557, 567–68 (9th Cir. 2002) (applying standard to *Bivens* Eighth Amendment claim). Here, Plaintiff is alleging that Defendants' actions were cruel and unusual because they caused him medical issues (paranoia, depression, anxiety, etc.). Plaintiff does not allege that the health issues existed prior to the alleged confiscation or destruction of his property. Accordingly, Plaintiff's allegation that Defendants' confiscation or destruction of his property constituted cruel and unusual punishment therefore fails to state a cognizable Eighth Amendment claim for cruel and unusual punishment. This claim is DISMISSED with prejudice because amendment would be futile. *See James*, 221 F.3d at 1077.

Fourth, Plaintiff's allegation that the failure to provide him notice prior to the deprivation of his property does not state a cognizable § 1983 claim. Plaintiff is not entitled to notice prior to the deprivation of his property. At most, Plaintiff is possibly entitled to a hearing regarding the

7

property confiscation, which the record shows that Plaintiff received. If the deprivation was random and unauthorized, the negligent or intentional deprivation of property does not state a due process claim under § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 535–44 (1981) (no due process violation where state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (applying *Parratt* to intentional destruction of inmate property). If the property deprivation was pursuant to state procedures, *Parratt* does not apply. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 738 (9th Cir. 2001). But in those instances, the Fourteenth Amendment does not require prior notice of the deprivation of property, but only requires an opportunity granted at a meaningful time and in a meaningful manner, for a hearing appropriate to the nature of the case. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982). Here, the complaint indicates that Plaintiff was granted a hearing with Sgt. Pitts. Dkt. No. 1-1 at 51. Accordingly, Plaintiff's allegation that his constitutional rights were violated when he failed to receive notice prior to Defendants' destruction or withholding of his property is DISMISSED with prejudice because amendment would be futile. *See James*, 221 F.3d at 1077.

Fifth, to the extent that Plaintiff seeks to hold any defendant liable on the basis of his or her participation in reviewing, screening, or investigating his Form 22 (request for service) and Form 602 (grievance), this allegation fails to state a claim for § 1983 liability. There is no liberty interest in a prison grievance procedure as it is a procedural right only. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *Buckley*, 997 F.2d at 495. Nor does Plaintiff have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann*, 855 F.2d at 640. Further, actions in reviewing an inmate grievance alone are not sufficient to demonstrate liability under § 1983. "'Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.'" *Ellington v. Clark*, 2010 WL 3001427, at *2 (E.D. Cal. Jul. 29, 2010) citing *George v. Smith*, 507 F.3d 604, 609 (7th Cir. 2007). Any claims for § 1983 liability based on a defendant's

participation in reviewing, screening, or investigating Plaintiff's Form 22 and Form 602 are DISMISSED with prejudice because amendment would be futile. *See James*, 221 F.3d at 1077.

Sixth, Plaintiff's allegations that the confiscation of his property constituted censorship; that the PIP policy prohibiting window coverings is fraudulent; and that Defendants have violated the Equal Protection Clause are too vague to state cognizable causes of action. Plaintiff does not identify the contents of the destroyed or confiscated personal property. It is therefore unclear how the destruction or withholding of his personal property constituted censorship. Although Plaintiff criticizes the PIP policy as fraudulent, as an "underground regulation," and as exposing Plaintiff to prior restraint, Plaintiff does not identify how such a regulation violates his constitutional rights. And although Plaintiff alleges that he is being treated different from other similarly situated male prisoners, he does not identify the disparate treatment. Because these deficiencies could feasibly be cured through amendment, the Court will allow Plaintiff leave to amend these claims if Plaintiff can truthfully do so.

Seventh, Plaintiff's allegations (1) that the confiscation of his property constituted prior restraint of publication; (2) that the confiscation of his property constituted unlawful arrest and/or seizure of his person; (3) that he suffered false imprisonment; (4) that Defendants failed to provide him with legal counsel; and (5) that Defendants failed to advise him of his constitutional rights, including his right to remain silent all fail to state cognizable legal claims. Plaintiff misunderstands these legal causes of actions.

The term "prior restraint" describes administrative and judicial orders forbidding certain communications that are issued before the communications occur. *Alexander v. United States*, 509 U.S. 544, 544 (1993). The complaint does not allege that there are administrative and judicial orders forbidding Plaintiff from certain communications.[1]

Unlawful arrest or seizure of one's person refers to an arrest for a crime. Under both

---

[1] If any such administrative and judicial orders exist, claims related to such orders would be unrelated to the events alleged in the instant complaint and must be brought in a separate action. Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

§ 1983 and California state law, unlawful arrest refers to an arrest made without probable cause. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001) ("'[A]n arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983.'") (citing *Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988)). The tort of false imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short. *City of Newport Beach v. Sasse*, 88 Cal. Rptr. 476, 480 (Cal. Ct. App. 1970). "In California a cause of action for false imprisonment will lie (1) where there has been an unlawful arrest followed by imprisonment, or (2) where the arrest is lawful but an unreasonable delay has occurred in taking the person before a magistrate, for so much of the imprisonment as occurred after the period of the reasonable or necessary delay." *Id.* Neither unlawful arrest nor false imprisonment refer to being confined to a cell, or being otherwise limited by prison regulations.

Generally speaking, inmates are not legally entitled to legal counsel for incidents that happen within the prison. Nor are they entitled to legal advice or have the constitutional right to remain silent with respect to prison incidents.

Accordingly, Plaintiff's claims of prior restraint of publication; unlawful arrest and/or seizure of his person; false imprisonment; failure to provide legal counsel; and failure to advise of constitutional rights are DISMISSED with prejudice because amendment would be futile. *See James*, 221 F.3d at 1077.

Eighth, Plaintiff's allegation that Defendants committed assault and battery on him also misunderstands these intentional torts. The California Penal Code defines assault as the "unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another," Cal. Penal Code § 240, and defines battery as "any willful and unlawful use of force or violence upon the person of another," Cal. Penal Code § 242. There is no allegation that Defendants used force or violence on Plaintiff. Because this deficiency could feasibly be cured through amendment, the Court will allow Plaintiff leave to amend this claim if Plaintiff can truthfully do so.

Ninth, Plaintiff's claims that (1) Defendants have violated his First Amendment right to "read what he will and when he will" by restricting his access to video games; (2) his treatment

team has provided him healthcare that falls below a reasonable standard of care; and that (3) he has been administered excessive amounts of psychotropic drugs are unrelated to the events alleged in the instant complaint and must be brought in a separate action. Plaintiff may bring a claim against multiple defendants only if (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2). These claims are DISMISSED with leave to file in a separate action if appropriate.

**CONCLUSION**

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's request for appointment of counsel is DENIED without prejudice as appointment of counsel is not warranted at this time. Dkt. No. 2. The Court cannot assess whether appointment of counsel would be appropriate because Plaintiff has not yet stated cognizable § 1983 claims.

2. The following claims are DISMISSED with prejudice: Plaintiff's Eighth Amendment claims; Plaintiff's claim regarding failure to give notice prior to deprivation of property; any claims based on a defendant's participation in reviewing, screening, or investigating Plaintiff's Form 22 and Form 602; Plaintiff's claim that the confiscation of his property constituted prior restraint of publication; Plaintiff's claim that the confiscation of his property constituted unlawful arrest and/or seizure of his person; Plaintiff's claim that he suffered false imprisonment; Plaintiff's that Defendants failed to provide him with legal counsel; and Plaintiff's claim that Defendants failed to advise him of his constitutional rights, including his right to remain silent.

3. The Court DISMISSES the following claims without prejudice to re-filing in a new action: Defendants have violated Plaintiff's First Amendment right to "read what he will and when he will" by restricting his access to video games; Plaintiff's treatment team has provided him healthcare that falls below a reasonable standard of care; and Plaintiff has been administered excessive amounts of psychotropic drugs.

4. Plaintiff has failed to sufficiently allege § 1983 liability on the part of each

11

individual defendant; and also failed to allege a cognizable First Amendment retaliation claim; a cognizable censorship claim; a cognizable § 1983 claim regarding the PIP policy prohibiting window coverings; a cognizable equal protection claim; a cognizable assault claim; or a cognizable battery claim. The Court has identified the deficiencies in these claims and in the liability allegations against the individual defendants. The Court grants Plaintiff leave to file an amended complaint to correct the deficiencies identified he can truthfully do so. If Plaintiff chooses to file an amended complaint, he must file the amended complaint within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 17-04960 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; *cf*. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's complaint is sixty-two pages long and names sixty-one defendants. Rule 8 requires Plaintiff to set forth his claims in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. The Court (and defendant) should be able to read and understand Plaintiff's pleading within minutes. *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996).

Failure to file an amended complaint in accordance with this order in the time provided will result in the dismissal of this action. The Clerk shall include two copies of a blank complaint

form with a copy of this order to Plaintiff.

This order terminates Dkt. No. 2.

**IT IS SO ORDERED.**

Dated: 12/28/2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge