UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. HAWTHORNE,<br>Plaintiff,<br>v.<br>SCOTT KERNAN, et al.,<br>Defendants. | Case No. 17-cv-04960-HSG<br>**ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTION**<br>Re: Dkt. Nos. 27, 28 |

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), has filed a *pro se* civil rights action under 42 U.S.C. § 1983 alleging that SQSP prison officials have violated his constitutional rights. Now pending before the Court are Plaintiff's requests for a preliminary injunction. Dkt. Nos. 27 and 28. Plaintiff requests a preliminary injunction prohibiting Defendants from *inter alia* being within 120 feet of his person; from filing any documents that include Plaintiff's name without Plaintiff's prior written authorization; from preventing or discouraging Plaintiff from possessing *inter alia* litigation tools and video games; from harassing Plaintiff; and from threatening Plaintiff with unconstitutional action. Dkt. No. 27 at 7–9.

The Court will DENY these motions at this time for the following reasons.

First, prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). A motion for preliminary injunction therefore cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Here, not only has no defendant been served, but, because the first amended complaint has not yet been screened, it is unclear who will be named as a defendant.

Second, to the extent that this motion can be construed as seeking a temporary restraining order, which may be granted prior to all parties being served, the Court declines to grant a

temporary restraining order. When considering injunctive relief with respect to a government agency, the Ninth Circuit has directed that courts "observe the requirement that the government be granted the 'widest latitude in the dispatch of its own internal affairs.'" *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378–79 (1976)). A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). Plaintiff's amended complaint is not verified, Dkt. No. 21 at 14, and the allegations in his motion for a temporary restraining order lack the specificity required by Rule 65(b). For example, Plaintiff alleges that Defendants will prevent him from *inter alia* exercising his rights to freedom of speech, freedom of inquiry and thought, and that Defendants will violate his rights to due process of law, equal protection, and the right to privacy. But, Plaintiff does not identify what actions Defendants have taken that indicate the likelihood of immediate and irreparable injury, or how he will be, or currently is able to, exercise his right to freedom of speech. Plaintiff also alleges that he will be forced to surrender his "access to" printed materials, publications, and computer video games are insufficient to show that he will suffer immediate and irreparable injury, loss or damage. Dkt. No. 27 at 2–3. However, regulations limiting prisoners' exercise of their First Amendment rights, including access to publications or other information, are valid if they are reasonably related to legitimate penological interests. *See Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Plaintiff's motion does not address the context of the confiscation or prohibition of access to printed materials, publications, and computer video games. Keeping in mind the latitude that must be afforded government agencies in handling their internal affairs, the Court finds that the limited and nonspecific information presented in Plaintiff's motion for a temporary restraining order fails to satisfy the standard set forth in Rule 65(b).

The motion for a preliminary injunction or temporary restraining order is therefore DENIED without prejudice to refiling if this case continues beyond service and if a renewed motion would be appropriate.

The Court notes that Plaintiff has filed multiple declarations and pieces of evidence with the Court. *See* Dkt. Nos. 15, 15, 20, 25, 26. These filings appear to be Plaintiff's attempt to enter evidence into the record and to provide a running update on alleged mistreatment by prison officials. These filings clutter the file and confuse the record. The court file is not a storage depository for a litigant's evidence, nor is it an ongoing dialogue with the Court regarding alleged unconstitutional treatment. Plaintiff should limit his filings to pleadings that request the Court to take action. If Plaintiff suffers additional violations of his constitutional rights, he may either file a motion to amend his complaint to seek relief with respect to these new violations, or he may file a separate action regarding the new violations. Filing subsequent "declarations" in the record does not add claims to the original complaint.

This order terminates Docket Nos. 27 and 28.

**IT IS SO ORDERED.**

Dated: 7/18/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge