UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. HAWTHORNE,<br>            Plaintiff,<br>    v.<br>SCOTT KERNAN, et al.,<br>            Defendants. | Case No. 17-cv-04960-HSG<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN CLAIMS WITH LEAVE TO AMEND** |

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), has filed a *pro se* civil rights action under 42 U.S.C. § 1983 alleging that SQSP prison officials have violated his constitutional rights. His first amended complaint, Dkt. No. 21 ("FAC"), is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

3  plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than

4  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. .

5  . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell

6  Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must

7  proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

8      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

9  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

10  the alleged violation was committed by a person acting under the color of state law. *See West v.

11  Atkins*, 487 U.S. 42, 48 (1988).

**B.**    **Complaint**

13      The complaint sets forth the following factual allegations.

14      Plaintiff is enrolled in the SQSP Psychiatric Inpatient Program ("PIP"). The PIP has a

15  policy prohibiting inmate-patients who are on suicide watch from covering their cell windows.

16  FAC at 1. During the relevant time period, Plaintiff was not on suicide watch. *Id.* In order to

17  shield himself from complete view when he was bathing or using the toilet, Plaintiff would use

18  discarded paper bags to cover ten percent of the windows. FAC at 1 and 7. Plaintiff never fully

19  covered his windows and was never fully concealed from view. *Id.* However, because Plaintiff

20  had filed a grievance alleging that mental health services personnel and other prison officials had

21  discriminated against him, mental health services placed Plaintiff on suicide watch. FAC at 1.

22      Plaintiff was unsuccessful in obtaining relief regarding the discriminatory treatment via the

23  administrative grievance process, so he drafted a federal civil rights complaint regarding these

24  issues. FAC at 1–2. On or about August 26, 2016, Defendants Fonesca and Yanez discovered this

25  draft during the course of a cell search. FAC at 4. Defendants Fonesca and Yanez confiscated

26  Plaintiff's drafted federal civil rights complaint, his attorney-client communications, and his other

27  legal documents. FAC at 4.

28      On or about September 9, 2016, defendants Hagen, Thomas, Deal, Czajkowski, Swensen,

and Davis summoned Plaintiff to a medical treatment planning conference, known as a MEGA session. Based on Defendant Bensimon's false report that Plaintiff was fully covering his windows, also referred to as "boarding up," Defendant Thomas recommended that plaintiff be placed on property control, a disciplinary measure that involves confiscating all of an inmate's property, including hygiene products, reading materials, and legal materials. The MEGA session team members implemented the recommendation. When Plaintiff protested the decision, Defendant Czajkowski became belligerent. After the rest of the treatment team left, Defendant Czajkowski physically assaulted Plaintiff by roughly handcuffing Plaintiff, slamming Plaintiff's face into the wall, and choking Plaintiff. FAC at 5–6.

Plaintiff's property was confiscated per the property control measure. Defendants unlawfully concealed Plaintiff's property. Defendant Stragalinos, in concert with the other defendants, knowingly facilitated the unlawful concealment of Plaintiff's property by allowing Defendant Yanez to store Plaintiff's property in the cell-extraction equipment room. FAC at 6–7.

On or about November 11, 2016, Defendant Pitts interviewed Plaintiff regarding the property removal. FAC at 7. Defendant Pitts informed Plaintiff that his property had been found in the locked cell-extraction equipment room. Defendant Pitts returned Plaintiff's property to him. FAC at 7. After inspecting his property boxes, Plaintiff informed Defendant Pitts that a significant amount of his property was missing. FAC at 7. Defendant Pitts stated that Plaintiff's property should not have been confiscated, that Plaintiff's property should never have been placed in the cell-extraction equipment room, and that Plaintiff should file a grievance regarding the lost property. FAC at 7. Defendant Pitts failed to inquire further about Plaintiff's missing property; failed to return a portion of Plaintiff's CDCR 22 form; and failed to provide a statement attesting that Plaintiff's property should not have been confiscated and should not have been stored in the cell-extraction equipment room. FAC at 7–8.

**C.   Legal Claims**

Plaintiff sets forth seventeen claims. Plaintiff brings all claims pursuant to 42 U.S.C. § 1983, and he also brings Claim Nos. 2–13 and 16–17 pursuant to 18 U.S.C. §§ 241 and 242. To

3

the extent that Plaintiff is suing for violation of Sections 241 and 242, such claims are DISMISSED because these sections of Title 18 do not provide for a private right of action. *Hallal v. Mardel*, C No. 1:16-cv-01432-DAD-SAB, 2016 WL 6494411, at *3 (E.D. Cal. Nov. 2, 2016) (addressing *inter alia* 18 U.S.C. §§ 241 and 242). "Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 (the criminal analogue of 42 U.S.C. § 1983)." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). The Court addresses each claim in turn.

**Claim No. 1 (FAC at 8):** In Claim No. 1, Plaintiff alleges that Defendant Bensimon is liable for the other defendants' violations of his rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments because her false accusation that Plaintiff was boarding up initiated and/or allowed for the later civil rights violations.

Plaintiff's allegation fails to state either a cognizable Fifth Amendment or Sixth Amendment claim. It is the Fourteenth Amendment, not the Fifth Amendment, that protects a person against deprivations of due process by a state. *See* U.S. Const. amend XIV, § 1 ("nor shall any State deprive any person of life, liberty, or property without due process of law."); *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States"). The Sixth Amendment guarantees a criminal defendant certain rights during his or her criminal trial, and is inapplicable in this particular context.[1] U.S. Const. amend. VI. Plaintiff's Fifth Amendment and Sixth Amendment claims against Defendant Bensimon are DISMISSED with prejudice because amendment would be futile. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

With respect to Plaintiff's First Amendment, Eighth Amendment, and Fourteenth Amendment claims against Defendant Bensimon, Plaintiff's allegation fails to sufficiently allege

---

[1] The Sixth Amendment of the United States Constitution provides as follows: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

causation. In order to state a Section 1983 claim, a plaintiff must allege sufficient facts from which it may be reasonably inferred that the defendant did an affirmative act, participated in another's affirmative acts, or omitted to perform an act which she was legally required to do that caused a constitutional violation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* The claim that Defendant Bensimon's accusation was used by Defendants to justify the alleged constitutional violations is insufficient, by itself, to allege § 1983 liability. *Cf. Martinez v. State of Cal.*, 444 U.S. 277, 285 (1980) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976)) ("Although a § 1983 claim has been described as 'a species of tort liability,' it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute."). Because the deficiency in this claim could feasibly be cured through amendment, the Court will grant Plaintiff leave to amend this claim if he can truthfully do so. *See Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003). Plaintiff is reminded that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to meet Rule 8's pleading requirements]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Claim No. 2 (FAC at 8):** Plaintiff alleges that when Defendants Fonesca and Yanez read his attorney-client communications, they created a "chilling effect," thereby violating his Sixth Amendment right to counsel. The Sixth Amendment right to counsel guarantees defendants the right to counsel in all criminal prosecutions. U.S. Const., Amend. VI. Plaintiff is not currently facing criminal prosecution. Claim No. 2 is DISMISSED with prejudice because amendment would be futile. *See James*, 221 F.3d at 1077.

**Claim No. 3 (FAC at 8):** Plaintiff alleges that Defendants Fonesca and Yanez violated his First Amendment right to access the courts when they confiscated his federal civil rights complaint, and then reported the complaint to his mental health treatment team. Liberally construed, Plaintiff's allegation states a cognizable First Amendment retaliation claim. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

5

**Claim No. 4 (FAC at 8–9):** Plaintiff alleges that Defendants Czajkowski, Davis, Deal, Hagens, Swensen, and Thomas violated his First Amendment right to access the courts when they directed custodial staff to confiscate his property, including his legal documents and the draft federal complaint, thereby preventing him from bringing a federal lawsuit.  "[P]risoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *See Silva v. Di Vittorio*, 658 F.3d 1090, 1107 (9th Cir. 2011), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015) (emphasis in original).  This allegation states a cognizable First Amendment access-to-the-courts claim.

**Claim No. 5 (FAC at 9):** Plaintiff alleges that Defendants Czajkowski, Davis, Deal, Hagens, Swensen, and Thomas violated his First Amendment right to free exercise of religion when they subjected Plaintiff to a property control measure that allowed for the confiscation of his religious books and items solely in retaliation for his drafting of a federal civil rights complaint. This allegation states a cognizable First Amendment free-exercise-of-religion claim.  *See Shakur v. Schriro*, 514 F.3d 878, 85 (9th Cir. 2008) (to state First Amendment free-exercise-of-religion claim, plaintiff must allege that defendant burdened religious practice by preventing plaintiff from engaging in sincerely held religious belief and that defendant did so without any justification reasonably related to legitimate penological interests).

**Claim No. 6 (FAC at 9):**  Plaintiff alleges that Defendants Czajkowski, Davis, Deal, Hagens, Swensen, and Thomas's confiscation of his books and magazines violated his First Amendment right to free speech because the confiscation effectively prevented him from "reading what he will, when he will" and "writing to whom he will, when he will."  A plaintiff asserting a violation of his First Amendment right of free speech must establish three elements:  (1) the plaintiff was engaged in constitutionally protected free speech activity; (2) the defendants' actions caused an injury that would "chill or silence a person of ordinary firmness;" and (3) the defendants specifically intended to inhibit Plaintiff's constitutionally protected speech.  *See Mendocino Env't Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999).  Prisoners retain those First Amendment rights not inconsistent with their status as prison inmates or with legitimate

1  penological objectives of the corrections system.  *See Pell v. Procunier*, 417 U.S. 817, 822 (1974).
2  In the prison context, when correctional officials restrict a prisoner's First Amendment right to
3  publications or other information, the restriction is valid only if it is reasonably related to
4  legitimate penological interests.  *See Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989) (citing
5  *Turner v. Safley*, 482 U.S. 78, 89 (1987)).  This allegation states a cognizable First Amendment
6  free speech claim.

7        **Claim No. 7 (FAC at 9):**  Plaintiff alleges that Defendants Czajkowski, Davis, Deal,
8  Hagens, Swensen, and Thomas violated his Sixth Amendment right to counsel because the
9  confiscation of his writing materials prevented him from communicating to his attorneys "when he
10 will" and "when he needed to."  As discussed *supra* in Claim No. 2, the Sixth Amendment right to
11 counsel is inapplicable here.  Claim No. 7 is therefore DISMISSED with prejudice.

12       **Claim No. 8 (FAC at 9–10):**  Plaintiff alleges that Defendants Czajkowski, Davis, Deal,
13 Hagens, Swensen, and Thomas violated his due process rights under the Fifth and Fourteenth
14 Amendments because the property control measure amounted to an unjustified disciplinary action
15 and was taken without complying with the relevant administrative regulations.  FAC at 5, 9–10.
16 As discussed *supra*, it is the Fourteenth Amendment, and not the Fifth Amendment, that protects a
17 person against deprivations of due process by a state.  *See* U.S. Const. amend XIV, § 1. Claim No.
18 8's Fifth Amendment claim is DISMISSED with prejudice. Claim No. 8's Fourteenth Amendment
19 claim is also DISMISSED with prejudice.  Generally speaking, a violation of state administrative
20 regulations, without more, does not give rise to a deprivation of a protected liberty interest.  *See*
21 *Sandin v. Conner*, 515 U.S. 472, 481–84 (1995).  In addition, where the property deprivation is
22 pursuant to established state procedure, the due process clause of the Fourteenth Amendment only
23 requires "an *opportunity* . . . granted at a meaningful time and in a meaningful manner, . . . for [a]
24 hearing appropriate to the nature of the case."  *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 437
25 (1982) (omission in original) (internal quotation marks and citation omitted).  Plaintiff has only
26 alleged that Defendants failed to provide him an itemized receipt for his confiscated property.
27 FAC at 6.  An itemized receipt is not required by the Fourteenth Amendment.  Claim No. 8 fails to
28 state a claim under either the Fifth Amendment or the Fourteenth Amendment, and is

DISMISSED with prejudice.

**Claim No. 9 (FAC at 10):** Plaintiff alleges that Defendant Czajkowski violated the Eighth Amendment's prohibition on the use of excessive force when, solely for the purpose of causing pain and injury, Defendant Czajkowski squeezed Plaintiff's handcuffs too tightly; grabbed Plaintiff roughly by the neck; shoved Plaintiff's head into the wall; and choked Plaintiff. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Hope v. Pelzer*, 536 U.S. 730, 737 (2002). Punitive treatment which amounts to gratuitous infliction of wanton and unnecessary pain is prohibited by the Eighth Amendment. *Id.* at 737–38. Plaintiff has stated a cognizable Eighth Amendment excessive force claim against Defendant Czajkowski.

**Claim No. 10 (FAC at 10):** Plaintiff alleges that Defendant Czajkowski violated Plaintiff's First Amendment right to free speech when he threatened to beat Plaintiff if Plaintiff cried out for help. Liberally construed, this allegation states a cognizable First Amendment claim. *See Mendocino Env't Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300 (9th Cir. 1999).

**Claim No. 11 (FAC at 10–11):** Plaintiff alleges that Defendant Czajkowski's alleged assault violated his due process rights under the Fifth and Fourteenth Amendments. Plaintiff's Fifth Amendment claim is DISMISSED with prejudice because, as discussed *supra*, it is the Fourteenth Amendment, and not the Fifth Amendment, that protects a person against deprivations of due process by a state. *See* U.S. Const. amend XIV, § 1. Plaintiff's Fourteenth Amendment claim is DISMISSED with prejudice for the following reason. When a specific constitutional amendment "provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality) (quotation marks omitted). Thus, any "protection that 'substantive due process' affords convicted prisoners against excessive force is . . . at best redundant of that provided by the Eighth Amendment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1986). Plaintiff's excessive force claim against Defendant Czajkowski falls squarely within the Eighth Amendment's explicit protections, as that Amendment "is specifically concerned with the unnecessary and wanton

infliction of pain in penal institutions." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). Plaintiff's due-process claim arising out of Defendant Czajkowski's alleged use of excessive force is preempted by the Eighth Amendment and should not be analyzed as a substantive due process claim under the Fourteenth Amendment.

**Claim No. 12 (FAC at 11):** Plaintiff alleges that Defendant Stragalinos violated his First Amendment right to access the courts when he assisted Defendants Fonesca and Yanez in unlawfully concealing Plaintiff's property in the cell-extraction equipment room. Prisoners have a constitutional right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right of access to the courts includes the right to litigate without active interference. *Silva*, 658 F.3d at 1102. However, Defendant Stragalinos violated Plaintiff's First Amendment right to access the courts only if he knowingly prevented Plaintiff from litigating. There is no allegation that Defendant Stragalinos was aware that Plaintiff's property contained legal documents: all that is alleged is that Stragalinos unlocked a room. Because the deficiency in this claim could feasibly be cured through amendment, the Court will grant Plaintiff leave to amend this claim if he can truthfully do so. *See Ramirez*, 334 F.3d at 861. Plaintiff is reminded that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to meet Rule 8's pleading requirements]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Claim No. 13 (FAC at 11):** Plaintiff alleges that Defendant Stragalinos deprived him of both a liberty interest and a property interest, in violation of the due process clause under the Fifth and Fourteenth Amendments, when he falsely told Plaintiff that he did not know the whereabouts of Plaintiff's property. Inmates who have been afforded the opportunity to possess personal property in prison may claim that prison officials have confiscated their property without due process. Due process is violated where the property deprivation is predictable and pre-deprivation process possible, but state officials, acting under apparent authority of state procedures, provide no pre-deprivation procedure and are specifically charged with the authority to effect the deprivation complained of. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 739 (9th Cir. 2001) (holding that due process challenge to deprivation of property may go forward where (1) deprivation took place at specific, predictable point in seizure process; (2) seizing officer was delegated power and

authority to effect the very deprivation complained of; and (3) seizing officer also had concomitant duty to initiate procedural safeguards set up under local ordinance). Plaintiff's property was confiscated by Plaintiff's MEGA team (defendants Czajkowski, Davis, Deal, Hagens, Swensen, and Thomas), and not by Defendant Stragalinos. Defendant Stragalinos' involvement with Plaintiff's property confiscation took place after the deprivation and is limited to allegedly falsely denying knowledge of the whereabouts of Plaintiff's property. To the extent that Defendant Stragalinos' statement prolonged the confiscation of Plaintiff's property, this alleges a random and unauthorized property deprivation which does not constitute a denial of federal due process because California state law provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, a deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895). Claim No. 13 fails to state a cognizable due process claim, and is DISMISSED with prejudice because amendment would be futile. *See James*, 221 F.3d at 1077.

**Claim No. 14 (FAC at 11):** Plaintiff alleges that Defendant Pitts deprived him of both liberty and property, in violation of the due process clause under the Fifth and Fourteenth Amendments, when he refused to investigate the whereabouts of Plaintiff's property. This claim is dismissed with prejudice on the same grounds as Claim No. 13. To the extent that Defendant Pitts' actions (or inactions) prolonged the confiscation of Plaintiff's property, this alleges a random and unauthorized property deprivation which does not constitute a denial of federal due process because California state law provides an adequate post-deprivation remedy. *See Zinermon*, 494 U.S. at 128; *Barnett*, 31 F.3d at 816–17. Claim No. 14 fails to state a cognizable due process claim, and is DISMISSED with prejudice because amendment would be futile. *See James*, 221 F.3d at 1077.

**Claim No. 15 (FAC at 11):** Plaintiff alleges that Defendant Pitts violated his due process rights under the Fifth and Fourteenth Amendments when he failed to return part of Plaintiff's CDCR-22 form that Plaintiff planned to use as an evidentiary exhibit in this action. As discussed

supra, it is the Fourteenth Amendment, and not the Fifth Amendment, that protects a person against deprivations of due process by a state. *See* U.S. Const. amend XIV, § 1. This claim fails to state a cognizable due process claim for the same reasons that Claim Nos. 13 and 14 fail to state due process claims. Defendant Pitts' failure to return the CDCR-22 is a random and unauthorized property deprivation which does not constitute a denial of federal due process because California state law provides an adequate post-deprivation remedy. *See Hudson*, 468 U.S. at 533; *Barnett*, 31 F.3d at 816–17. Plaintiff's allegation that Defendant Pitts failed to return his CDCR-22 fails to state a cognizable claim under either the Fifth Amendment or the Fourteenth Amendment, and these claims are DISMISSED with prejudice. Because Claim Nos. 14 and 15 are the only claims against Defendant Pitts, Defendant Pitts is DISMISSED from this action.

**Claim No. 16 (FAC at 11–12):** Plaintiff alleges that Defendant Seman violated his due process rights under the Fifth and Fourteenth Amendments when he falsely claimed that he had interviewed Plaintiff in connection with the grievance filed regarding the issues raised in this action. Plaintiff argues that Defendant Seman's false statement deprived Plaintiff of lawful due process because the false statement constituted an act of fraud that established a false record of events. The Ninth Circuit has held that inmates do not have a protected liberty interest in a grievance procedure because there is no legitimate claim of entitlement to a grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Accordingly, Plaintiff's allegation that Defendant Seman lied about interviewing him and established a false record of events with respect to the disciplinary proceeding fails to state a cognizable due process claim. Claim No. 16 fails to state a cognizable due process claim, and is DISMISSED with prejudice because amendment would be futile. *See James*, 221 F.3d at 1077. Because Claim No. 16 is the only claim against Defendant Seman, Defendant Seman is DISMISSED from this action.

**Claim No. 17 (FAC at 12):** Plaintiff alleges that Defendants Fonesca, Stragalinos, and Yanez violated his First, Fifth, Sixth, and Fourteenth Amendment rights to freedom of speech, freedom of religion, access to the courts, due process, and assistance of counsel when they unlawfully confiscated his property without following the proper procedures. Specifically, he alleges that Defendants Fonesca and Yanez failed to provide Plaintiff with an itemized receipt of

11

the confiscated property and failed to deliver Plaintiff's confiscated property to the authorized property officer for inventory and storage.  He alleges that Defendants Fonesca, Stragalinos, and Yanez improperly concealed his property in the cell-extraction equipment room and caused the loss or destruction of certain of Plaintiff's property.

Claim No. 17 suffers from numerous deficiencies.

First, Defendant Stragalinos is not liable for Defendants Fonesca and Yanez's acts. Plaintiff appears to be alleging that Defendants Fonesca, Yanez, and Stragalinos engaged in a civil conspiracy to violate his First, Fifth, Sixth, and Fourteenth Amendment rights by unlawfully confiscating Plaintiff's property without following the proper procedure.  Under California law, a civil conspiracy claim requires a plaintiff to plead that "the conspiring parties 'reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement.'"  *See Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999) (citing *Vieux v. East Bay Reg'l Park Dist.*, 906 F.2d 1330, 1343 (9th Cir. 1990)).  To state a claim for a conspiracy to violate one's constitutional rights under Section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy.  *Coverdell v. Dept. of Social and Health Services*, 834 F.2d 758, 769 (9th Cir. 1987).  The first amended complaint does not make any such specific allegations.  The failure to plead any specific allegations requires that Defendant Stragalinos be held liable only for his actions, and not for the actions of Defendants Fonesca and Yanez.

Second, it is unclear which property confiscation Plaintiff is referring to.  Plaintiff complains of two separate property confiscations.  The first property confiscation took place on or about August 26, 2016, when Defendants Fonesca and Yanez confiscated his drafted federal civil rights complaint and related documents.  FAC at 4.  The second property confiscation was the property control measure imposed at the September 9, 2016 MEGA session which resulted in the removal of Plaintiff's property from his cell.  FAC at 5-7.  The first amended complaint does not specify which correctional officers carried out the second property control measure, but it does allege that Defendant Fonesca,ced with the assistance of Defendant Stragalinos, stored the confiscated property in the cell-extraction equipment room.  There is no allegation that Defendant Yanez was

12

involved in confiscating or storing the property seized pursuant to the property control measure.

Third, as discussed *supra*, the Sixth Amendment right to counsel is inapplicable here. Accordingly, Plaintiff's allegation that Fonesca, Yanez, and Stragalinos unlawfully confiscated Plaintiff's property without following the proper procedure fails to state a cognizable Sixth Amendment claim and will be DISMISSED with prejudice.

Fourth, it is the Fourteenth Amendment, not the Fifth Amendment, that protects a person against deprivations of due process by a state. *See* U.S. Const. amend XIV, § 1; *Castillo*, 399 F.3d at 1002 n.5.

Fifth, Plaintiff's subclaim that Defendant Stragalinos violated Plaintiff's First Amendment right to speech when he improperly concealed Plaintiff's property in the cell-extraction equipment room, and caused the loss or destruction of certain of Plaintiff's property states a First Amendment access to the court claim, and not a right to speech claim, because the "protected speech" at issue is Plaintiff's litigation activity. This subclaim is duplicative of Claim No. 12, which the Court has already dismissed with leave to amend.

Sixth, Plaintiff's subclaim that Defendants Fonesca and Yanez failed to follow proper procedure when confiscating and storing his property fails to state a cognizable First Amendment free speech claim, freedom of religion claim, or access to the courts claim. The failure to follow proper prison procedures when confiscating or storing property does not, by itself, state a cognizable First Amendment claim for freedom of speech, freedom of religion, or access to the courts.

Sixth, Plaintiff's subclaim that Defendants Fonesca, Yanez, and Stragalinos failed to follow proper procedure when confiscating and storing his confiscated property fails to state a cognizable due process claim. As discussed *supra*, to the extent that Defendants Fonesca, Yanez, and Stragalinos's actions (or inactions) prolonged the confiscation of Plaintiff's property that was initiated by the MEGA team, this alleges a random and unauthorized property deprivation which does not constitute a denial of federal due process because California state law provides an adequate post-deprivation remedy. *See Zinermon*, 494 U.S. at 128; *Barnett*, 31 F.3d at 816–17.

Accordingly, Claim No. 17 is DISMISSED with prejudice because amendment of all but

1   one of the subclaims contained within would be futile, and the remaining subclaim is duplicative
2   of Claim No. 12.

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1.   Plaintiff's amended complaint omits the following defendants whom were named in the initial complaint: Secretary of Corrections Scott Kernan; SQSP Warden R. Davis; SQSP Associate Warden S. Albritton; Lieutenant B. A. Walls; Correctional Officer J. Edwards; Correctional Officer C. Bellotti; Psychiatrist C. Seaman; Counselor II N. L. Lee; Program Assistant A. Lowe; Registered Nurse G. Lingad; Appeals Coordinator M. Dahl; Appeals Examiner J. Knight; Chief of Appeals M. Voong; Chief Executive Officer S. J. Harris; Chief Medical Officer E. Tootell; , Chief Nursing Executive C. Dola; Program Director L. Whyte; Recreational Therapist C. Horne; Executive Director D. Desmond; Senior Psychiatrist E. Rizzotto; Chief Psychiatrist P. Burton; Social Worker C. Hedemark; Psychiatric Technician J. Habana; Psychiatric Technician M. Spector; Psychiatric Technician D. Jacobo; Correctional Officer C. Love; Correctional Officer C. Hunter; Correctional Officer C. Elmore; Correctional Officer A. Rubang; Correctional Officer J. Gary, Jr.; Correctional Officer S. Hill; Correctional Officer M. Abramson; Correctional Officer J. Vigil; Correctional Sergeant R. Ballein; Correctional Officer E. Billups, Jr.; Correctional Officer B. Cooks; Correctional Officer B. Diggle; Correctional Officer A. St. Julian; , Correctional Sergeant A. Morgan; Correctional Officer R. McElroy; Correctional Officer P. Jo; Correctional Officer R. Ratto; Registered Nurse M. Ogren; Certified Nursing Assistant J. White; Correctional Officer J. Russell; Senior Registered Nurse P. KleinKnight; Senior Registered Nurse M. Yogla-Ogbuehi; Correctional Officer K King; Correctional Officer K. Scott; Correctional Officer R. Celis; Correctional Officer J. Hill; Supervisor/Patient's Advocate D. Martinez; and Supervising Registered Nurse S. Adnan. Defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Accordingly, these defendants are DISMISSED from this action. In addition, as discussed above, Defendants C. Seaman, and A. Pitts are DISMISSED from this action.

2.   The following claims are DISMISSED with prejudice:

14

All claims under 18 U.S.C. §§ 241 and 242;

Claim No. 1: Defendant Bensimon violated Plaintiff's rights under the Fifth and Sixth Amendments when she falsely accused Plaintiff of boarding up;

Claim No. 2: Defendants Fonesca and Yanez violated his Sixth Amendment right to counsel when they read his attorney-client communications;

Claim No. 7: Defendants Czajkowski, Davis, Deal, Hagens, Swensen, and Thomas violated his Sixth Amendment right to counsel when they authorized the confiscation of his writing materials;

Claim No. 8: Defendants Czajkowski, Davis, Deal, Hagens, Swensen, and Thomas violated his due process rights under the Fifth and Fourteenth Amendments when they imposed a property control measure on him without complying with the procedures set forth in Sections 3310–3326 of the California Code of Regulations, Title 15 (governing inmate discipline);

Claim No. 11: Defendant Czajkowski's unauthorized assault upon Plaintiff violated his due process rights under the Fifth and Fourteenth Amendments;

Claim No. 13: Defendant Stragalinos violated his due process rights under the Fifth and Fourteenth Amendments when he knowingly and maliciously falsely told Plaintiff that he did not know the whereabouts of Plaintiff's property;

Claim No. 14: Defendant Pitts violated his due process rights under the Fifth and Fourteenth Amendments when he refused to investigate the whereabouts of Plaintiff's lost property;

Claim No. 15: Defendant Pitts violated his due process rights under the Fourteenth Amendment when he failed to return part of Plaintiff's CDCR-22 form;

Claim No. 16: Defendant Seman violated his due process rights under the Fifth and Fourteenth Amendments when he falsely claimed that he interviewed Plaintiff in connection with the grievance filed regarding the issues raised in this action; and

Claim No. 17: Defendants Fonesca, Stragalinos, and Yanez violated his First, Fifth, Sixth, and Fourteenth Amendment rights to freedom of speech, freedom of religion, access to the courts, due process, and assistance of counsel when they unlawfully confiscated Plaintiff's property

without following the proper procedure.

3. The Court has dismissed the following claims with leave to amend:

Claim No. 1: Defendant Bensimon violated Plaintiff's rights under the First, Eighth, and Fourteenth Amendments when she falsely accused Plaintiff of boarding up; and

Claim No. 12: Defendant Stragalinos violated Plaintiff's First Amendment right to access the courts when he assisted Defendants Fonesca and Yanez in unlawfully concealing Plaintiff's property in the cell-extraction equipment room.

4. Liberally construed, the amended complaint states the following cognizable claims:

Claim No. 3: Plaintiff's allegation that Defendants Fonesca and Yanez read and confiscated his federal rights complaint, and reported the complaint to Plaintiff's mental health treatment team states a cognizable First Amendment retaliation claim;

Claim No. 4: Plaintiff's allegation that Defendants Czajkowski, Davis, Deal, Hagens, Swensen, and Thomas directed custodial staff to confiscate Plaintiff's property, including his legal documents and the drafted federal complaint, in retaliation for Plaintiff's protected conduct states a cognizable First Amendment retaliation and access to the courts claim;

Claim No. 5: Plaintiff's allegation that Defendants Czajkowski, Davis, Deal, Hagens, Swensen, and Thomas confiscated his religious books and religious items states a cognizable First Amendment free exercise claim;

Claim No. 6: Plaintiff's allegation that Defendants Czajkowski, Davis, Deal, Hagens, Swensen, and Thomas confiscated his books and magazines states a cognizable First Amendment free speech claim;

Claim No. 9: Plaintiff's allegation that Defendant Czajkowski squeezed Plaintiff's handcuffs too tightly; grabbed Plaintiff roughly by the neck; shoved Plaintiff's head into the wall; and choked Plaintiff states a cognizable Eighth Amendment excessive force claim; and

Claim No. 10: Plaintiff's allegation that Defendant Czajkowski threatened to beat him if he cried out for help states a cognizable First Amendment free speech claim.

5. Plaintiff may either proceed on the claims found cognizable above, or he may file a second amended complaint and attempt to correct the deficiencies identified above if he can

truthfully do so. If Plaintiff chooses to file a second amended complaint, he must file the second amended complaint within twenty-eight (28) days of the date of this order. The second amended complaint must include the caption and civil case number used in this order, Case No. C 17-04960 HSG (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. The Clerk shall include two copies of a blank complaint form with a copy of this order to Plaintiff

If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his second amended complaint all the claims he wishes to present, including the ones found cognizable above, and all of the defendants he wishes to sue, including the ones ordered served below. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaints by reference. Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the second amended complaint.

If Plaintiff fails to file a second amended complaint in accordance with this order in the time provided, the first amended complaint will remain the operative complaint and this action will proceed on the claims found cognizable above.

6. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (Dkt. No. 21), with all attachments thereto, and a copy of this order upon **defendants G. Fonesca, A. Yanez, J. Czajkowski, J. Davis, B. Deal, L. Hagens, S. Swensen, and R. Thomas at San Quentin State Prison, Main Street, San Quentin, CA 94964.** A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

7. In order to expedite the resolution of this case, the Court orders as follows:

　　a. No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what

17

is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[2]

        b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

        c.      Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    8.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does

---

[2] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

1  not excuse Defendants' obligation to serve said notice again concurrently with a motion for
2  summary judgment.  *Woods*, 684 F.3d at 939).

3        9.      All communications by Plaintiff with the Court must be served on Defendants'
4  counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard
5  any document which a party files but fails to send a copy of to his opponent. Until Defendants'
6  counsel has been designated, Plaintiff may mail a true copy of the document directly to
7  Defendants, but once Defendants are represented by counsel, all documents must be mailed to
8  counsel rather than directly to Defendants.

9        10.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
10  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
11  before the parties may conduct discovery.

12        11.     Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the
13  Court informed of any change of address and must comply with the Court's orders in a timely
14  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
15  to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every
16  pending case every time he is moved to a new facility.

17        12.     Any motion for an extension of time must be filed no later than the deadline sought
18  to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that
19  he must include the case name and case number for this case on any document he submits to the
20  Court for consideration in this case.

21  **IT IS SO ORDERED.**

22  Dated:  11/24/2020

23                                                                  _____
24                                                                  HAYWOOD S. GILLIAM, JR.
                                                                United States District Judge