UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. HAWTHORNE,<br><br>    Plaintiff,<br><br>v.<br><br>A YANEZ, et al.,<br><br>    Defendants. | Case No. 17-cv-04960-HSG<br><br>**ORDER DENYING REQUEST FOR THIRD EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT; REQUIRING COMPLIANCE WITH FED. R. CIV. P. 8**<br><br>Re: Dkt. No. 41 |

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), has filed a *pro se* civil rights action under 42 U.S.C. § 1983 alleging that SQSP prison officials have violated his constitutional rights.

**DISCUSSION**

**I.     Background**

On November 24, 2020, the Court screened the amended complaint and found that it stated certain cognizable claims against SQSP officials Fonseca, Yanez, Czajkowski, Davis, Deal, Hagens, Swensen, and Thomas, and ordered service on these defendants. Dkt. No. 30 at 16. The Court dismissed certain other claims with prejudice, Dkt. No. 30 at 15-16, and granted Plaintiff leave to amend two claims: Claim No. 1, that defendant Bensimon violated Plaintiff's rights under the First, Eighth, and Fourteenth Amendments when she falsely accused Plaintiff of boarding up; and Claim No. 12, that defendant Stragalinos violated Plaintiff's First Amendment right to access the courts when he assisted Defendants Fonesca and Yanez in unlawfully concealing Plaintiff's property in the cell-extraction equipment room, Dkt. No. 30 at 16. The Court specifically instructed Plaintiff that he should not change the nature of this suit by alleging new, unrelated

claims in the second amended complaint. Dkt. No. 30 at 17. The Court has since granted Plaintiff two extensions of time to May 21, 2021, for a total of five additional months, to file a second amended complaint. Dkt. Nos. 34, 40.

## II.     Request for Third Extension of Time and to Expand Scope of Action

Plaintiff is now requesting an additional sixty days to file his second amended complaint and leave to add four additional claims to his draft second amended complaint, which he describes as "quite lengthy." Dkt. No. 41. Plaintiff's requests are DENIED.

The Court DENIES Plaintiff's request to expand the scope of this action by alleging four additional claims. Plaintiff has not identified what these claims will allege, and has not shown good cause to expand the scope of this action.

The Court DENIES Plaintiff's request for an additional two months to submit a second amended complaint. Plaintiff has not shown good cause for the additional extension of time. The current deadline for the second amended complaint has allowed Plaintiff six months to prepare the second amended complaint, which is more than enough time to address the deficiencies identified in Claim Nos. 1 and 12.

## III.    Requiring Compliance with Fed. R. Civ. P. 8

The Court reminds Plaintiff that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Plaintiff is proceeding *pro se*, he is still required to comply with the federal rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *see also Crawford–El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases).

In preparing a second amended complaint, Plaintiff must comply with Fed. R. Civ. P. 8, which requires only a "short and plain statement" of his claims. The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.*

(affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and providing an example of a properly-pleaded claim, which could be "read in seconds and answered in minutes"); *see also Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673–74 (9th Cir. 1981) (affirming Rule 8 dismissal of "verbose, confusing, and almost entirely conclusory" complaint consisting of 48 pages with 14 pages of addenda and 9 pages of exhibits and "equally . . . verbose, confusing, and conclusory" amended complaint consisting of 23 pages with 24 pages of addenda); *Washington v. Baenziger*, 656 F.Supp. 1176, 1177 (N.D. Cal. 1987) (dismissing complaint consisting of 86 pages plus 15 pages of exhibits, with 33 causes of action against 21 defendants, for failure to comply with Rule 8).

## CONCLUSION

The Court DENIES Plaintiff's request for an additional sixty days to file his second amended complaint and leave to add four additional claims to his draft second amended complaint. ECF No. 41. Plaintiff is ordered to file a second amended complaint by May 21, 2021. The second amended complaint must comply with Fed. R. Civ. P. 8. Failure to file a second amended complaint by this date will result in the first amended complaint remaining the operative complaint and this action proceeding on the claims found cognizable in the November 24, 2020 screening order.

This order terminates ECF No. 41.

**IT IS SO ORDERED.**

Dated: 4/15/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

3