UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. HAWTHORNE,<br>    Plaintiff,<br>         v.<br>A YANEZ, et al.,<br>    Defendants. | Case No. 17-cv-04960-HSG<br><br>**ORDER DENYING FOURTH REQUEST FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 69 |

Plaintiff, an inmate at San Quentin State Prison ("SQSP") has filed a *pro se* civil rights action under 42 U.S.C. § 1983, alleging that SQSP prison officials have violated his constitutional rights. Now pending before the Court is Plaintiff's request for 120-day extension of time to file a second amended complaint and/or an opposition to the summary judgment motion, up to and including April 21, 2022.

**BACKGROUND**

On November 4, 2020, the Court screened the amended complaint, identified the cognizable claims and ordered service on the relevant defendants, dismissed certain other claims with prejudice, and granted Plaintiff leave to amend two claims. The Court specifically instructed Plaintiff that he should not change the nature of this suit by alleging new, unrelated claims in the second amended complaint. *See generally* Dkt. No. 30. The Court granted Plaintiff three extensions of time to May 21, 2021 to file a second amended complaint. Dkt. Nos. 34, 40, 42. Plaintiff did not file a second amended complaint by May 21, 2021. Since then, the parties have stipulated to the voluntary dismissal of defendant Deal, Dkt. Nos. 62, 63; defendant Swensen has filed a motion to dismiss, Dkt. No. 66; and defendants Czakjowski, Davis, Fonesca, Hagens, Thomas, and Yanez had filed a motion for summary judgment, Dkt. No. 77. Plaintiff's opposition

1  to the motion to dismiss is due January 7, 2021; and his opposition to the summary judgment
2  motion is due on January 10, 2021.

## DISCUSSION

Now pending before the Court is Plaintiff's request for 120-day extension of time to file a second amended complaint and/or an opposition to the summary judgment motion, up to and including April 21, 2022. Plaintiff states that an extension of time is necessary because he is proceeding *pro se*; he suffers from a medical condition that prevents him from being able to concentrate; he has a learning disability and is mobility impaired; he has attended special education programs; he relies on self-help books to prepare his motions; he is completely devoid of hearing; he relies on typed and written notes for effective communication; and he is a patient in SQSP's Mental Health Program. Dkt. No. 69-1 at 1-2.

The Court DENIES Plaintiff's request for a fourth extension of time to file a second amended complaint. Although, in general, leave to amend a complaint shall be freely given when justice so requires, leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In addition, a late amendment to add a new theory, when the facts and the theory have been known to the party since inception of the action, are "'not reviewed favorably.'" *San Francisco Herring Ass'n v. United States Dep't of the Interior*, 946 F.3d 564, 573 (9th Cir. 2019) (citation omitted) (upholding denial of leave to amend to add a count under the Declaratory Judgment Act, where prior complaints already requested declaratory relief, albeit not under the Declaratory Judgment Act). Here, Plaintiff was informed of the deficiencies in his amended complaint over a year ago. He has not explained why he requires a year and a half to prepare a second amended complaint. Moreover, Defendants have already filed dispositive motions in this action based on the amended complaint. Granting leave to file a second amended complaint at this late date would create undue delay and is likely to cause

Defendants undue prejudice. However, in the interests of justice, this denial is without prejudice to Plaintiff re-filing a motion for leave to file a second amended complaint. Any renewed motion for leave to file a second amended complaint must address whether a second amended complaint would cause Defendants undue prejudice or create undue delay and why Plaintiff was unable to file a second amended complaint earlier; and must be accompanied by a proposed second amended complaint so that the Court can determine whether it would be an exercise in futility to allow amendment. Failure to address the above issues and attach a proposed second amended complaint will result in a summary denial of a renewed motion for leave to file a second amended complaint.

The Court GRANTS IN PART AND DENIES IN PART Plaintiff's request for an extension of time to file his oppositions to the pending motion to dismiss and pending summary judgment motion. The Court's review of the record indicates that, despite the limitations listed by Plaintiff, he has ably represented himself in this action. The Court therefore grants Petitioner an extension of time to February 18, 2022 to file his oppositions to defendant Swensen's motion to dismiss, and to defendants Czakjowski, Davis, Fonesca, Hagens, Thomas, and Yanez's motion for summary judgment. Defendants shall file a reply brief in support of their respective dispositive motions no later than 14 days after the date the relevant opposition is filed. Both motions shall be deemed submitted as of the date the reply brief is due. No hearing will be held on either motion.

## CONCLUSION

For the reasons set forth above, the Court ORDERS as follows.

1. The Court DENIES without prejudice Plaintiff's request for a fourth extension of time to file a second amended complaint. Any renewed motion for leave to file a second amended complaint must address whether a second amended complaint would cause Defendants undue prejudice or create undue delay and why Plaintiff was unable to file a second amended complaint earlier; and must be accompanied by a proposed second amended complaint so that the Court can determine whether it would be an exercise in futility to allow amendment. Failure to address the above issues and attach a proposed second amended complaint will result in a summary denial of a renewed motion for leave to file a second amended complaint.

1    2.    The Court GRANTS IN PART AND DENIES IN PART Plaintiff's request for an
2 extension of time to file his oppositions to the pending motion to dismiss and pending summary
3 judgment motion.  By February 18, 2022, Plaintiff shall file his oppositions to defendant
4 Swensen's motion to dismiss, and to defendants Czakjowski, Davis, Fonesca, Hagens, Thomas,
5 and Yanez's motion for summary judgment.  Defendants shall file a reply brief in support of their
6 respective dispositive motions no later than 14 days after the date the relevant opposition is filed.
7 Both motions shall be deemed submitted as of the date the reply brief is due.  No hearing will be
8 held on either motion.

9    This order terminates  Dkt. No. 69.

10    **IT IS SO ORDERED.**

11 Dated:  12/20/2021

*/s/ Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge