UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. HAWTHORNE,<br><br>       Plaintiff,<br><br>   v.<br><br>A YANEZ, et al.,<br><br>       Defendants. | Case No. 17-cv-04960-HSG<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL, DENYING REQUEST FOR EXTENSION OF TIME**<br><br>Re: Dkt. Nos. 83, 84 |

Plaintiff, an inmate at California Medical Facility, has filed this *pro se* action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court DENIES as moot Plaintiff's request for an extension of time to oppose defendant Swensen's motion, Dkt. No. 83, and DENIES Plaintiff's request for appointment of counsel, Dkt. No. 84.

Plaintiff has informed the Court that he has been recently transferred to California Medical Facility on or about March 7, 2022, where he has been housed in administrative segregation and does not yet have access to his property or the law library. Dkt. Nos. 83, 84. He states that appointment of counsel is needed because he relies on legal self-manuals to prosecute this case; he must handwrite his motions which interferes with judicial economy and the time constraints; he currently has no work tools or legal materials at his disposal; this action requires extensive research, filing of confidential documentation, and access to evidence that Plaintiff cannot acquire; he can state a cause of action with assistance of counsel; counsel would allow him to meet the Court's deadlines in a timely manner; Plaintiff is only allowed access to his property every thirty days; and Plaintiff is already past the court's deadlines. Dkt. No. 84. Plaintiff requests a 120-day extension of time to respond to defendant Swensen's motions and declarations. Dkt. Nos. 83, 84.

Plaintiff's request for an extension of time to respond to defendant Swensen's motions and

declarations is DENIED as moot. Dkt. Nos. 83, 84. The Court has denied defendant Swensen's motion to dismiss, and ordered Defendants to file a dispositive motion by May 6, 2022 on the four remaining claims in this action. Dkt. No. 81.

Plaintiff's request for appointment of counsel is DENIED. "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103. Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* The likelihood of Plaintiff's success on the merits is uncertain; Plaintiff has ably articulated his claims *pro se* so far despite the difficulties and restrictions he has described; and the legal issues do not appear unduly complex. In addition, Plaintiff's lack of access to his legal materials and the law library appears to be temporary until he appears before the Institutional Classification Committee on March 17, 2022, and the next round of briefing will not take place until May 2022. To the extent that Plaintiff seeks to access confidential documents to support his case, it is unclear how confidential documents could be viewed by an attorney but not his or her client, except in certain limited circumstances which do not appear to apply here. If the documents are confidential because they are Plaintiff's private medical records, Plaintiff would have access to such documents. The need to rely on legal self-help manuals and handwrite pleadings does not constitute exceptional circumstances; and the Court has already found that Plaintiff has stated cognizable causes of action. Plaintiff has failed to demonstrate exceptional circumstances that would require appointment of counsel. Plaintiff's requests for appointment of counsel are DENIED without prejudice to the Court's *sua sponte* appointment of counsel should circumstances so require.

//

//

This order terminates Dkt. Nos. 83, 84.

**IT IS SO ORDERED.**

Dated: 4/11/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge